# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUINTEZ TALLEY, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2: 18-cv-01060 |
| | ) |
| v. | ) Chief United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| PUSHKALAI PILLAI, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is the Motion to Revoke *In Forma Pauperis* filed by the Commonwealth Defendants (ECF No. 17) and Plaintiff's response in opposition (ECF No. 22). For the reasons discussed below, the motion will be denied and the Commonwealth Defendants and Defendant Pillai will be directed to file a responsive pleading in this matter on or before March 18, 2019.

### Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees would not prevent indigent persons from pursuing meaningful litigation. *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). In 1996, Congress curtailed the ability of prisoners to take advantage of the privilege of filing *in forma pauperis* by enacting a "three strikes rule." 28 U.S.C. § 1915(g).

This Court has the discretionary authority to deny *in forma pauperis* status to persons who have abused the privilege. *See, e.g., In re McDonald*, 489 U.S. 180 (1989) (denying *in*

*forma pauperis* status to non-prisoner seeking to file a petition for a writ of habeas corpus in the Supreme Court, where the person had pursued 73 prior filings); *Zatko v. California*, 502 U.S. 16 (1991) (denying applications to proceed *in forma pauperis* to file a habeas corpus petition to one petitioner who filed 73 petitions and to another petitioner who filed 45 petitions); *Martin v. District of Columbia Court of Appeals*, 506 U.S. 1 (1992) (denying *in forma pauperis* application of "a notorious abuser of this Court's certiorari process," who had filed 11 petitions which were frivolous, with the arguable exception of one); *Douris v. Middletown Township*, 293 F. App'x 130 (3d Cir. 2008) (affirming discretionary denial of non-prisoner's *in forma pauperis* application based on plaintiff's eight prior unsuccessful civil actions); *Butler v. Department of Justice,* 492 F.3d 440, 444–45 (D.C.Cir. 2007) (denying *in forma pauperis* application of a prisoner who did not have three strikes, but who had on at least five prior occasions brought appeals that were dismissed for failure to prosecute). This Court's discretionary authority to deny *in forma pauperis* status to persons who have abused the privilege derives from § 1915(a) itself ("any court of the United States <u>may</u> authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor" (emphasis added)) and federal courts' "inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re McDonald*, 489 U.S. at 185 n. 8 (*quoting In re Martin–Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984)). As the United States Supreme Court explained,

> Paupers filing pro se petitions are not subject to the financial considerations— filing fees and attorney's fees—that deter other litigants from filing frivolous petitions. Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of petitioner's frivolous requests . . . does not promote that end.

*In re McDonald,* 489 U.S. at 184. In making that discretionary decision, courts should look at the number, content, frequency, and disposition of the plaintiff's previous filings to determine if there is a pattern of abusing the IFP privilege in his litigation history. *Butler v. Department of Justice,* 492 F.3d at 446.

The Commonwealth Defendants acknowledge that, at this time, the three-strikes provision of § 1915(g) is not applicable as Talley does not have three strikes in federal court.[1] But they ask the Court to exercise its discretionary authority and revoke Talley's *in forma pauperis* status because his "alleged indigency is a result of his abusive litigiousness." Defs' mot. at 5. (ECF No. 17).

## Discussion

Defendants state that "[f]rom 2015 to the end of 2018, Plaintiff filed 48 lawsuits in Pennsylvania . . . in all three federal districts, as well as in Greene County and Centre Counties." Mot. at 1. And, according to Defendants, Talley has been deemed a three strikes abusive litigant in state court. However, as Talley points out, to date, he does not have even one strike in federal court.

The instant case was filed on November 14, 2018. Prior to filing this case, Talley filed six cases in the Western District of Pennsylvania. The first two cases, 15-cv-1502 and 15-cv-1646, were administratively closed for failure to pay the filing fee or submit required financial forms; Talley's next two cases, 16-cv-0152 and 16-1318, actually were removed by defendants from state court to this Court. Case No. 16-cv-0152 went to trial in October of 2017, and in Case No.

---

[1] The Commonwealth Defendants states that Talley has been deemed a three-strikes abusive litigant in state court.

16-cv-1318, counsel has been appointed and a trial date will be scheduled in the very near future.

Talley's fifth case, 18-cv-0230, in which Talley paid the full filing fee, is pending, having survived a motion to dismiss challenge, and the case is proceeding in discovery. Talley's sixth case, 18-cv-0476, again in which Talley paid the full filing fee, was transferred to the Middle District of Pennsylvania. The instant case is the seventh case and Defendants have not filed responsive pleadings, pending resolution of this motion.

Subsequent to filing this case, Talley filed four additional cases in the Western District: Civil Action Nos. 18-cv-1339, 18-cv-1685, 18-cv-1687, and 19-cv-0161. Talley withdrew from 18-cv-1339 and that case has been closed;[2] 18-cv-1685 and 18-cv-1687 are currently in the process of undergoing the Court's statutory obligation of pre-screening review; and 19-cv-0161 has been administratively closed for failure to pay the filing fee or submit required financial forms. Thus, Talley has five pending cases in the Western District of Pennsylvania.

Talley has also filed nine cases in the Eastern District of Pennsylvania, three of which were filed previous to the instant case (Civil Action Nos. 16-cv-6541, 18-cv-0011, and 18-cv-0014). Three cases were dismissed for failure to pay the filing fee (Civil Action Nos. 16-cv-6541, 18-cv-0011; and 18-cv-0014); two cases were dismissed for failure to prosecute (Civil Action Nos. 18-cv-5087 and 18-cv-5196); and four cases remain pending (Civil Action Nos. 18-cv-5072, 18-cv-5315, 18-cv-5316, and 18-cv-5416). In each of the four pending cases, the court granted Talley's motion for leave to proceed *in forma pauperis*.

---

[2] The Commonwealth Defendants argue that Talley's habit of filing "vexatious lawsuits that he later withdraws or abandons has prevented him to date from accumulated three strikes" in federal court. Mot. at 5.

Talley has also filed nineteen cases in the Middle District of Pennsylvania, all filed previous to the instant case. Two cases were settled (Civil Action Nos. 15-cv-0407 and 15-cv-1170);[3] seven cases were withdrawn by Talley (Civil Action Nos. 15-cv-1796, 15-cv-2106, 15-cv-2174, 15-cv-2217, 16-cv-0088, 16-0207, and 16-cv-1726); four cases were dismissed for failure to pay the filing fee or submit required financial forms (Civil Action Nos. 15-cv-1787, 15-cv-1788, 15-cv-1795, and 17-cv-0447); and six cases remain pending (Civil Action Nos. 15-1598, 16-cv-2074, 17-cv-0965, 17-cv-1632, 18-cv-0868, and 18-cv-0992). In each of the pending cases, Talley's motion for leave to proceed *in forma pauperis* was granted.

The Court finds that Talley's prolific filings in other federal courts does not justify imposing any restriction on his ability to proceed *in forma pauperis* in the Western District of Pennsylvania at this time. He has five pending cases in this Court, one of which is trial ready, one of which is in discovery, the instant case in which Defendants have not filed responsive pleadings, and two cases which were filed after the instant case was filed and have not been served. To date, none of Talley's cases in this Court has been found to be frivolous. Thus, the Court concludes that at this time Talley is not abusing the *in forma pauperis* privilege in this Court and the Commonwealth Defendants' motion will be denied.

An appropriate Order follows.

---

[3] Defendants contend that Talley has spent "somewhere in the neighborhood of 1/3" of the

# ORDER

**AND NOW**, this 2nd day of March, 2019, it is hereby **ORDERED** that the Commonwealth Defendants' Motion to Revoke In Forma Pauperis is **DENIED**. The Commonwealth Defendants and Defendant Pillai are directed to file a responsive pleading in this matter on or before March 18, 2019.

s/Cynthia Reed Eddy  
Cynthia Reed Eddy  
Chief United States Magistrate Judge

cc: QUINTEZ TALLEY
 KT 5091
 SCI Fayette
 48 Overlook Drive
 LaBelle, PA 15450-0999
 (via U.S. First Class Mail)

 All counsel of record
 (via ECF electronic notification)

---

proceeds from this joint settlement to pay for various court fees and expenses.