IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| QUINTEZ TALLEY, | ) |
| Plaintiff, | ) 2:18-cv-01060 |
| vs. | ) Chief United States Magistrate Judge |
| PUSHKALAI PILLAI, PSYCHIATRIST, SCI GREENE; PA. DEPT. OF CORRECTIONS, U/K MHM1, JOHN E. WETZEL, CAPTAIN SHREDDER, LT. MORRIS, and U/K DEFENDANTS, | ) Cynthia Reed Eddy |
| Defendants. | ) |

**MEMORANDUM OPINION**[1]

Plaintiff, Quintez Talley, has brought this lawsuit against the Pennsylvania Department of Corrections ("DOC"), DOC Secretary John Wetzel, Captain "Shredder," and Lt. Morris (collectively referred to as the "Commonwealth Defendants")[2] and Dr. Pushkalai Pillai, a

---

[1] In accordance with the provisions of 29 U.S.C. § 636(c)(1), all served parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment. *See* ECF Nos. 21, 23, and 33. While unserved defendants generally must also consent for a magistrate judge to exercise jurisdiction based on "consent of the parties" under that statute, *see Williams v. King*, 875 F.3d 500 (9th Cir. 2017), this Court is not aware of any decision holding that consent is necessary from defendants who are both unserved and unidentified.

[2] Talley also names U/K Defendants, who were members of the extraction team on August 8, 2016. These defendants have not been identified or served and, thus, did not file motions to dismiss. Nonetheless, a court may, on its own initiative, dismiss claims as to non-moving defendants if the claims against the non-moving defendants suffer from the same defects raised in the moving parties' motions. *Minn. Lawyers Mut. Ins. Co. v. Ahrens*, 432 F. App'x 143, 148 (3d Cir. 2011) (quoting *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980) (stating that the court may *sua sponte* dismiss a claim as to non-moving defendants where the inadequacy of the claim is clear)). A claim against a non-moving party may be dismissed if the claims against all defendants are "integrally related" or where the non-moving defendants are in a similar position to the moving defendants. *Bonny v. Soc'y of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993). Therefore,

1

psychiatrist, under 42 U.S.C. § 1983 and Titles II and V of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12165. He also brings a state law claim of assault and battery against Lt. Morris and a state law claim of medical malpractice against Dr. Pillai. The Complaint filed at ECF No. 7 is the operative pleading.

Two motions to dismiss are pending before the Court: (i) the motion to dismiss filed by the Commonwealth Defendants (ECF No. 25), and (ii) the motion to dismiss filed by Defendant Pillai (ECF No. 28), which was converted in part to a motion for summary judgment only on the issue of exhaustion. Talley has responded in opposition to each motion. (ECF Nos. 32 and 37). Dr. Pillai filed a reply brief (ECF No. 38), to which Talley filed a Sur-Reply. (ECF No. 41). The matter is ripe for resolution. For the reasons that follow, the motions will be granted and this case will be dismissed with prejudice.

## Background[3]

The events giving rise to this lawsuit occurred on August 8, 2016, while Talley was housed at SCI-Greene.[4] On that day, Talley was housed in a psychiatric observation cell ("POC") after claiming to be suicidal. During Dr. Pillai's daily rounds, Talley asked to be moved to the Mental Health Unit ("MHU"). Dr. Pillai refused and told Talley that if he "continued to be suicidal, she'd send him back to the Restricted Housing Unit (RHU)." Complaint at ¶ 10. Later that same day, Lt.

---

to the extent the deficiencies cited in the Commonwealth Defendants' motion to dismiss also apply to these defendants, the Court considers them.

[3] The factual history cited has been gleaned from Plaintiff's Complaint. For purposes of the pending motions to dismiss, Plaintiff's recitation of the facts is accepted as true. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[4] At the time Talley filed this complaint, he was housed at SCI-Fayette, where he remains currently housed. See DOC Inmate Locator, http://inmatelocator.cor.pa.gov/#/ (last visited 12/9/2019).

2

Morris came to Talley's POC cell to move him to the RHU, but Talley refused to be moved stating that he was suicidal. Lt. Morris then spoke to Dr. Pillai who told him to move Talley to a RHU cell with a camera so that he could be observed. Lt. Morris told Talley what Dr. Pillai had said, but Talley continued not to comply. At that point, Lt. Morris threatened to spray Talley with OC spray as part of planned use of force if Talley would not voluntarily exit his cell. Capt. Shrader[5] then spoke with Talley, but did not overrule Dr. Pillai's directive to move him to a RHU cell with a camera. When Talley saw an extraction team assembling ready to use force to remove him from the POC cell, he said he was no longer suicidal and came out of the POC cell voluntarily. Talley alleges that Secretary Wetzel maintains policies which disregard the care of mentally ill patients. Talley seeks compensatory and punitive damages, as well as injunctive and declaratory relief.

**Standard of Review**

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. A court may dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plaintiff must allege facts that indicate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Pleading only "facts that are 'merely consistent with' a defendant's liability" is insufficient and cannot survive a motion to dismiss. *Id*. (quoting *Twombly*, 550 U.S. at 557).

A conclusory recitation of the elements of a cause of action is not sufficient. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The plaintiff must allege facts necessary to

---

[5]   Lt. Shrader is incorrectly identified as "Shredder" in the Complaint.

make out each element. *Id.* (quoting *Twombly*, 550 U.S. at 563 n.8). In other words, the complaint must contain facts which, if proven later, support a conclusion that the cause of action can be established. In assessing the sufficiency of a complaint, a court must: (1) identify the elements of the causes of action; (2) disregard conclusory statements, leaving only factual allegations; and (3) assuming the truth of those factual allegations, determine whether they plausibly give rise to an entitlement to relief. *Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) (internal quotation marks and citations omitted) (quoting *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011)).

The United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).

**Discussion**

A. <u>The Complaint fails to state a claim against the Commonwealth Defendants</u>

   1. *Excessive Force Claims*

In his Complaint, Talley alleges that Defendants Morris, Shrader, and the U/K Defendants violated his rights under the "excessive force" clause of Article I, Section 13 of the Pennsylvania Constitution. Complaint at ¶ 32. Talley, however, represents in his brief in opposition to the Commonwealth Defendants' motion to dismiss, that he has voluntarily agreed to dismiss this claim. Br. at n. 7 (ECF No. 32). Therefore this claim is dismissed.

2. *Title II of the ADA Claim*

Title II of the ADA provides, in relevant part, "that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefit of the services, programs, or activities of a public entity,[6] or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II of the ADA does not apply to individuals in their individual capacities. Plaintiff states that his claim against Secretary Wetzel "is being brought against Defendant Wetzel in his 'official' capacity, i.e., against his office (Defendant DOC)." Pl's Br. at 4-5.

The Commonwealth Defendants argue that, not only are they entitled to Eleventh Immunity on this claim, but Talley's claim has no merit. The Court agrees with the Commonwealth Defendants, and finds that, even assuming *arguendo* that Talley's claims are not barred by the Eleventh Amendment, this claim has no merit. To state a claim, Talley has to allege that (1) he is a qualified individual with a disability; (2) that he was excluded from participation in or denied benefits of DOC's services, programs, or activities; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *Furgess v. Pa Dep't of Corr.*, 933 F.3d 285 (3d Cir. 2019).

Talley argues that he is a "qualified individual with a disability" and that the POC and MHU provide "services and/or programming / placement," Complaint at ¶ 23, which were denied to him when he was moved to the RHU. Even if Talley could show that he has a qualifying disability, he has alleged no facts describing what programs he was excluded from and he alleges no facts which show that such purported exclusion was on account of any mental health disability.

---

[6] The ADA does not define "service, programs, and activities," but both Congress and our appellate court have recognized that the phrase is "extremely broad in scope and includes anything a public entity does." *Furgess v. Pa Dep't of Corr.*, 933 F.3d 285, 289 (3d Cir. 2019).

5

*Brown v. Pa. Dep't of Corr.*, 290 F. App'x 463, 467 (3d Cir. 2012) (quoting 42 U.S.C. § 12132) (stating that a plaintiff must allege facts "sufficient to show that he was excluded 'by reason of his disability."). Simply stated, Talley does not allege facts making out a plausible claim of discrimination due to his mental illness. Therefore, this claim will be dismissed.

    3.    *Title V of the ADA and First Amendment Retaliation Claims*[7]

In order to state a *prima facie* claim of retaliation under either Title V of the ADA or the First Amendment, a prisoner-plaintiff must show: (1) he engaged in constitutionally protected activity; (2) he suffered an "adverse action" at the hands of prison officials; and (3) his constitutionally protected activity was a substantial or motivating factor between the exercise of his constitutional rights and the adverse action. *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2004).

A general statement made to a prison official is not constitutionally protected conduct. *Knight v. Walton*, 2014 WL 1316115 (W.D. Pa. 2014). Fatal to Talley's retaliation claims is that the Complaint states no facts which support Talley's assertion that he engaged in constitutionally protected conduct. Here, Talley alleges that he made a statement to Dr. Pillai that he wanted to be transferred to the MHU. This statement does not amount to constitutionally protected conduct triggering a retaliation claim. Moreover, any threats by Lt. Morris to use force to gain compliance was not an adverse action as a matter of law. It is well established that verbal threats alone do not constitute a constitutional claim, *Tindell v. Wetzel*, 2014 WL 3868240 at *9 (W.D. Pa. 2014) (citing *Gannaway v. Berks County Prison*, 439 F. App'x 86 (3d Cir. 2011), and verbal harassment or threats do not constitute an adverse action sufficient for a retaliation claim. *Marten v. Hunt*, 379 F. App'x 436, 438-39 (3d Cir. 2012); *Burgos v. Canino*, 358 F. App'x 302, 306 (3d Cir. 2009).

---

[7] Because claims of Title V ADA retaliation and First Amendment retaliation are subject to the same analysis, the claims will be addressed at the same time.

For all these reasons, Talley's retaliation claims under Title V of the ADA claim and the First Amendment will be dismissed against the Commonwealth Defendants.

4. *Supervisory Claims*

In his Complaint, Talley alleges that Secretary Wetzel was willfully blind to the "ongoing mistreatment of prisoner's diagnosed as suffering from mental illness . . . allowing for the custom of violence (and threats of) to be used as an alternative to providing mental health care, he violated the 8th Amendment." Complaint at ¶ 29.

There are "two general ways" in which a supervisor-defendant may be liable: (1) where the supervisor established a policy, custom, or practice that caused the harm; or (2) where the supervisor personally participated in the constitutional violation. The United States Court of Appeals for the Third Circuit explained these two general types of supervisory liability as follows:

> First, liability may attach if they, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr*., 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original) (quoting *Stoneking v. Bradford Area Sch. Dist*., 882 F.2d 720, 725 (3d Cir. 1989)). Second, "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced" in the subordinate's unconstitutional conduct. *Id.* (citing *Baker v. Monroe Twp*., 50 F.3d 1186, 1190–91 (3d Cir. 1995) ). "Failure to" claims— failure to train, failure to discipline, or, as in the case here, failure to supervise— are generally considered a subcategory of policy or practice liability.

*Barkes v. First Correctional Medical, Inc*., 766 F.3d 307, 316-19 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, -- U.S. --, 135 S.Ct. 2042, 2043 (2015).

Talley's allegations against Secretary Wetzel are no more than boilerplate allegations that Secretary Wetzel did not ensure that mentally ill prisoners received better treatment. The Complaint is void of any allegations that Secretary Wetzel "established and maintained a policy, practice, or custom" which resulted in Talley's constitutional rights being violated or that he

7

directly participated in violating Talley's rights, directed others to violate them, or, "as the person in charge, had knowledge of and acquiesced" in any of the conduct which resulted in Talley's constitutional rights allegedly being violated. As such, Talley does not allege facts making out a plausible claim of supervisory liability. Therefore, this claim will be dismissed.

5. *Assault and Battery Claims*

Paragraph 30 of the Complaint asserts a claim for assault and battery against Lt. Morris. This claim will be dismissed. The Pennsylvania Political Subdivision Tort Claims Act provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. C.S.A. § 8541. Unless otherwise waived, the Commonwealth of Pennsylvania, its agencies, and its employees acting within the scope of their employment enjoy sovereign immunity. There is no waiver of sovereign immunity for intentional torts. In this case, Lt. Morris allegedly verbally threatened Talley and called for an extraction team in an attempt to move Talley from the POC cell, after he twice refused to comply. Undeniably, Lt. Morris was at all times acting within the scope of his employment in doing so and Lt. Morris's conduct does not fall within any of the exceptions to the statute.[8] Accordingly, sovereign immunity attaches and Talley's assault and battery claims against Lt. Morris will be dismissed with prejudice.

---

[8] The exceptions to immunity provided by statute are: (1) vehicle liability, (2) care, custody or control of personal property, (3) real property, (4) trees, traffic controls and street lighting, (5) utility service facilities, (6) streets, (7) sidewalks and (8) care, custody or control of animals. 42 Pa. C.S.A. § 8542(b).

B.  The Complaint fails to state a claim against Dr. Pillai

   1. *Exhaustion Under the PLRA*

Before filing suit challenging prison life under any federal law, including the ADA, a prisoner must exhaust all available administrative remedies. *Rinaldi v. United States*, 904 F.3d 257, 265 (3d Cir. 2018). Dr. Pillai argues that Talley failed to exhaust administrative remedies because he did not take any of the steps set forth in DC-ADM 804. Notwithstanding that the Complaint specifically states that Talley told Dr. Pillai "that if she continued to deny me my mental health rights that I would be forced to file a grievance and lawsuit, " Complaint at ¶ 11, Talley responds that he was not required to file a grievance under DC-ADM 804, because he reported Dr. Pallia's conduct pursuant to DC-ADM 801, which permits inmates to report "allegations of abuse." *See* Pl's Resp. at 3 (ECF No. 37) and Sur-Reply at 3 (ECF No. 41). Dr. Pillai responds that Talley's argument fails as there are no claims in this lawsuit that Dr. Pillai abused Talley; rather, Talley's claims against Dr. Pillai are related to his mental health care.

Given this factual dispute, the Court finds that dismissal for failure to exhaust administrative remedies would be inappropriate at this time. The Court will proceed to address Talley's claims on their merits.

   2. *Title II of the ADA Claim*

Dr. Pillai argues that she is not a public entity and therefore cannot be held liable for damages under Title II of the ADA. Talley responds that this claim is brought against Dr. Pillai in her "official capacity." Assuming without deciding that Dr. Pillai in fact can be sued in an "official capacity," Talley's claim fails as denial of treatment for a disability is not actionable under the ADA, *Iseley v. Beard*, 200 F. App'x 137, 142 (3d Cir. 2006) (citing *Bryant v. Madrigan*, 84 F.3d 246, 248 (7th Cir. 1996)), and neither is a claim for medical malpractice. *Bryant*, 84 F.3d at

248. See *Talley v. PA Dep't of Corr.*, No. CV 19-1687, 2019 WL 6050744, at *5 (E.D. Pa. Nov. 14, 2019). Therefore, this claim will be dismissed.

       3.      *Title V of the ADA and First Amendment Retaliation Claims*

Dr. Pillai argues that Talley's retaliation claims should be dismissed because the statement he made to Dr. Pillai is not constitutionally protected conduct. Further, Dr. Pillai argues that even if Talley could meet his *prima facie* case of retaliation, the facts of the Complaint are clear that Dr. Pillai did not believe that Talley needed to be placed in the MHU or remain in the POC. Her decision to return Talley to the RHU was not impacted by his request to be transferred to the MHU.

As stated above, Talley cannot make out a *prima facie* case of retaliation as the statement he made to Dr. Pillai does not amount to constitutionally protected conduct triggering a retaliation claim. Therefore, this claim will be dismissed.

       3.      *Eighth Amendment Claim*

The Eighth Amendment to the United States Constitution prohibits the infliction of "cruel and unusual punishment," U.S. Const. amend. VIII, and requires that prisoners receive access to basic medical treatment. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). To establish an Eighth Amendment medical claim, a prisoner-plaintiff must allege facts that demonstrate "(i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden County Corr. Facility,* 318 F.3d 575, 582 (3d Cir. 2003). The Court finds that Talley's claim fails as a matter as law because Talley cannot establish that Dr. Pillai was deliberately indifferent to his serious medical needs. At most, Talley's claim reflects a disagreement and dissatisfaction with Dr. Pillai's decision not to move Talley to the MHU.

A fair reading of the Complaint indicates that Talley received medical attention for his suicidal claims. He was placed in a POC, was evaluated by a psychiatrist, and, at Dr. Pillai's

instruction, was then transferred to a RHU cell with camera supervision, where he remained on suicide watch. It is a "well-established rule that mere disagreements over medical judgments do not state Eighth Amendment claims." *White v. Napoleon*, 897 F.2d 103 (3d Cir. 1990). In the context of the Eighth Amendment, any attempt to second-guess the propriety or adequacy of a particular course of treatment has been disavowed by courts since such determinations remain a question of sound professional medical judgment. *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979).

Significantly, the Complaint contains no allegations that Dr. Pillai refused to provide Talley with medical care for his mental health needs or that she delayed any treatment for non-medical reasons. *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993). Thus, the Court finds that the factual allegations of the Complaint do not show that Talley has a plausible claim for relief. *Iqbal*, 566 U.S. at 678. Talley has failed to present any allegations which demonstrate that Dr. Pillai was deliberately indifferent to his mental health needs.

4  *Medical Malpractice Claim*

In Paragraph 33 of his Complaint, Talley brings a medical malpractice claim against Dr. Pillai asserting that by refusing to move him to the MHU, Dr. Pillai's conduct "deviated from acceptable - psychological and/or psychiatric - standard for such licensed professional."

Pennsylvania law requires that a Certificate of Merit ("COM") accompany a claim for professional liability brought against designated licensed professionals, including health care providers. *See* Pa R. Civ. P. 1042.3 and 1042.1(b). The certificate must attest either that an appropriate licensed professional supplied a written statement that there exists a reasonable probability that the care provided fell outside acceptable professional standards, <u>or that expert testimony of an appropriate licensed professional is unnecessary</u>. Pa. R. Civ. P. 1042.3(a)(1) &

(3). This requirement is a substantive rule under the Erie doctrine and must be applied as such by federal courts. *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258 (3d Cir. 2011).

Talley's Complaint was filed on November 14, 2018, and it was not accompanied by a COM. Dr. Pillai filed a "Notice of Intention to Enter Judgment on Professional Liability Claim" on January 4, 2019. (ECF No. 12). Talley had thirty days after the Notice was filed to file a COM. *Id.* He did not do so, nor did he make any effort to comply with the rule or provide a reasonable excuse for failing to do so. It was not until his brief was filed in May of 2019, approximately five months after the Notice was filed, that he stated, "expert testimony of an appropriate licensed professional is unnecessary for the prosecuting of Plaintiff's medical malpractice claim." Br. at ¶ 4 (ECF No. 37 at 2).[9] This statement is not sufficient to comply with the certificate requirement of Pa. R. Civ. P. 1042.3(a)(1) & (3). Talley's failure to provide the requisite certificate as required by Rule 1042.3 requires dismissal of this malpractice claim.

---

[9] The exception cited by Talley is "very narrow" and only applies "where the matter is so simple or the lack of skill or care is so obvious as to be within the range of experience and comprehension of even non-professional persons." *Toogood v. Owen J. Rogal*, D.D.S., P.C., 824 A.2d 1140, 1145 (Pa. 2003). Nevertheless, it appears to be a plaintiff's prerogative, under Pennsylvania law, to invoke this exception by <u>filing the requisite certification</u>. *See Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 and n.5 (3d Cir. 2011) ("the consequence of such a filing is prohibition against offering expert testimony later in the litigation, absent 'exception circumstances'."); *see also Bilinski v. Wills Eye Hosp.*, ––– F. App'x –––, 2019 WL 168907, at *2 (3d Cir. Jan. 11, 2019) (holding that the district court erred by granting the defendants' motion to dismiss on the basis that the plaintiff's certificate of merit filed under Rule 1042.3(a)(3) was inadequate); *Horsh v. Clark*, No. 1:17-cv-316, 2019 WL 1243009 (W.D. Pa. Mar. 18, 2019) (accepting plaintiff's timely filed "Motion for Determination of Certificate of Merit As Unnecessary" as a certificate under Rule 1042.3.(a)(3)), appeal dismissed on 6/12/2019 for failure to timely prosecute pay filing fee, No. 19-1888. However, in this case, Talley never filed a certificate and thus has failed to comply with Rule 1042.3(a)(3).

**Leave to Amend**

The Court of Appeals for the Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). The Court finds that Talley's claims cannot be cured by amendment. Therefore, the Court is not required to provide Talley with further leave to amend as further amendment would be futile. *Shelley v. Patrick*, 481 F. App'x 34, 36 (3d Cir. 2012).

**Conclusion**

For all the above reasons, the pending motions to dismiss will be granted and the case will be dismissed with prejudice. An appropriate order follows.

Dated: December 9, 2019

BY THE COURT:

s/Cynthia Reed Eddy
Cynthia Reed Eddy
Chief United States Magistrate Judge

cc: QUINTEZ TALLEY
KT 5091
SCI Fayette
48 Overlook Drive
LaBelle, PA 15450-0999
(via U.S. First Class Mail)

All Counsel of Record
(via ECF electronic notification)